# Hersperger's Estate.

*Wills—Probate—Issue devisavit vel non—Testamentary capacity—Execution—Signature of testator—Making mark—Evidence.*

1. An issue devisavit vel non is properly refused where it appears that the testator, a man seventy-nine years of age, was taken sick on a Sunday morning with senile pneumonia, and died on the following Thursday morning; that on Monday he gave details as to the preparation of his will and executed it the following day; that witnesses for the proponents testified that the testator was in his right mind until Wednesday night, when he became delirious; that the evidence offered to establish testamentary incapacity was all from interested witnesses, and was vague and unsatisfactory in character, while the attorney who drew the will and had exceptional opportunities for knowing testator's mental condition and ability, and the two disinterested witnesses to the will, testified that the testator was fully capable when the will was executed.

2. Where testator, on account of physical weakness and being confined in bed and not having a pen with which he was familiar, was unable to write his name legibly, and at the suggestion of his attorney made his mark, and the will was then witnessed by the attorney and two other witnesses, the execution is sufficient.

Argued April 28, 1914. Appeal, No. 27, Jan. T., 1914, by Joseph Hersperger, from decree of O. C. Erie Co., Sept. T., 1911, No. 94, refusing issue devisavit vel non and dismissing appeal from the probate of will in estate of Amand Hersperger, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Appeal from probate of will, and petition for issue devisavit vel non. WALLING, P. J., filed the following opinion:

The will of Amand Hersperger was regularly proved and admitted to probate by the register of Erie County, and from that decree one of the sons of the said Hersperger has brought appeal to this court and asked for an issue. The principal question raised is as to the testamentary capacity of said Amand Hersperger at the time of the execution of the alleged will.

We have carefully read and considered all the testimony offered upon that question and we are clearly satisfied that he was competent to make the will in question. There is a presumption of competency, which is supported by the clear and satisfactory evidence of the attorney who prepared the will and who was well acquainted with Mr. Hersperger, had long been his legal adviser and conversed with him freely and fully in his own language. From the clear and satisfactory account of the transaction given by the attorney, who had exceptional opportunities for knowing the mental condition and ability of the testator, we are fully satisfied of his testamentary capacity. Mr. Curtze has had large experience in the preparation of wills and is of such high standing at our bar that we necessarily give to his testimony much weight. His testimony is also corroborated by that of Father Bender, the spiritual adviser of Mr. Hersperger and who saw and conversed with him, as we recall the testimony, twice each day during his sickness; and also by the testimony of the attending physician, Doctor Weibel, who saw and conversed with Mr. Hers-

perger twice a day during such sickness.  These three witnesses are entirely disinterested.  They are corroborated, however, by the testator's two daughters who attended upon him during his last sickness, but who are of course interested in the result of this case.

Mr. Hersperger was taken sick on Sunday morning, with what is called senile pneumonia, and died on Thursday morning.  On the advice of Father Bender, he sent for Mr. Curtze on Monday and then gave details as to the preparation of the will.  Mr. Curtze returned with the will on Tuesday and it was then executed.  Now all the evidence for proponents is to the effect that up until Wednesday afternoon or evening Mr. Hersperger was in his right mind and that thereafter he became delirious and died, as above stated, on Thursday morning.

On behalf of the contestants we have the testimony of a number of Mr. Hersperger's children and grandchildren to the effect that they saw him on different days during his last sickness, beginning perhaps with Sunday evening, and that he was delirious and irrational and unfit to transact any business.  They reached this conclusion largely from the fact that they were in the room with him and he did not converse with them.  Some say he failed to recognize them.  Some say he raved and showed other evidences of delirium; but from all the evidence in the case we are satisfied that their testimony is not reliable.  They are all interested, directly or indirectly in having the will set aside.  Their opportunities of knowing Mr. Hersperger's mental condition are not very satisfactory.  Mr. Hersperger was about eighty years of age, sick in bed, and undoubtedly suffering more or less from the disease and the witnesses who only saw him casually might easily mistake his moanings for ravings, especially as they had very little if any talk with him.

It is a matter of common experience that men in sickness do not all act alike.  Some sick men do not wish to talk or be talked to, and Mr. Hersperger's disinclination

to talk with some of his children and grandchildren during his sickness may be more the result of an inclination not to talk than evidence of mental unsoundness. Some importance is attached to his alleged repeated statements that he wished to get out of bed. Perhaps he did and in any event too much importance should not be attached to what he said as to that.

As to whether or not a man is delirious is a matter of opinion, but supposing all the witnesses on both sides are entirely candid, then it appears that notwithstanding the show of delirium as testified to by the contestants' witnesses, he still was of sound mind, had a clear conception of his property, how he wished to dispose of it and was fully competent to make and did make a valid will. Having considered all the evidence, it is so strongly in favor of his competency, that a verdict against the will could not be sustained and an issue should not be awarded.

On account of physical weakness, of being in bed, and of not having a pen with which he was familiar, the testator seemed to be unable to write his name legibly, and therefore at the suggestion of the attorney, made his mark. The will was witnessed by the attorney and by two other citizens who speak the German language, all three of whom made due proof of the execution of the will before the register.

When their testimony was taken on this rule, the two witnesses aside from the attorney failed to remember all of the matters necessary to a proper execution of the will, but as to that the testimony of the attorney is full and satisfactory and there is other testimony tending to sustain the testimony of the subscribing witnesses, and we believe, that taking all the testimony, it clearly shows a due execution of the will; and as to that we believe the case is ruled in favor of the proponents by the case of Rice's Estate, 173 Pa. 298. There is no evidence whatever of undue influence or of any improper conduct on behalf of the principal beneficiaries and on the whole

case we are clearly satisfied that an issue should not be ordered.

And now, July 14, 1913, the rule for an issue in the above case be and the same is hereby refused, and the appeal of Joseph Hersperger from the probate of said will by the register in above case is hereby dismissed at his costs.

The court refused the rule for an issue devisavit vel non and dismissed appeal from the probate of the will by the register. Joseph Hersperger appealed.

*Error assigned* was the decree of the court.

*Charles A. Mertens,* with him *P. D. Hyner,* for appellant.

*C. L. Baker,* for appellees.

PER CURIAM, May 22, 1914:

The order appealed from is affirmed on the opinion of Judge WALLING.